UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD C. WILLIAMS, | Case No. 2:21-cv-00123-KJD-DJA |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM HUTCHINGS, *et al.*, | |
| Defendants. | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed an amended civil rights complaint[1] pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 4, 5, 14). The matter of the filing fee will be temporarily deferred. Plaintiff also has filed a motion for a temporary restraining order. (ECF No. 17). The Court now screens Plaintiff's amended civil rights complaint under 28 U.S.C. § 1915A and addresses his motion for a temporary restraining order.

I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

---

[1] An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint is the First Amended Complaint (ECF No. 5).

elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF FIRST AMENDED COMPLAINT

In his First Amended Complaint ("FAC"), Plaintiff sues multiple Defendants for events that allegedly took place while Plaintiff was incarcerated by the NDOC. (ECF No. 5 at 2). Plaintiff appears to be naming Warden William Hutchings and O.M.D. as defendants. (*Id.* at 1-2).[2] Plaintiff seeks damages and injunctive relief, including immediate release from prison and the application of credits to his sentence. (*Id.* at 11).

### A.  Claims Against O.M.D.

Any governmental agency that is an arm of the state is not a person who is subject to suit for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

---

[2] The Court notes that Plaintiff has not used the Court's complaint form and has not included all the information required by the Court's complaint form. But, based on the caption, it appears that Plaintiff is suing Warden William Hutchings and O.M.D. If Plaintiff amends his complaint, he must clearly identify each defendant and provide the information called for by the Court's complaint form.

(1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Thus, because the O.M.D. (Offender Management Division) is an arm of the State, it is not a person subject to suit under § 1983. *See Hutchins v. Nevada Dep't of Corr.,* No. 3:10-CV-00369 LRHRAM, 2010 WL 3724902, at *2 (D. Nev. Sept. 15, 2010). Accordingly, the claims against the O.M.D. are dismissed with prejudice. Plaintiff may not pursue any § 1983 claims against the O.M.D..[3] If Plaintiff believes that a particular person at O.M.D. has violated his rights, he must sue that particular person and must allege true facts that would be sufficient to show that the particular person violated a specified constitutional right.

### B.    Claims Against Warden William Hutchings

Although Plaintiff has indicated that Warden William Hutchings is a defendant, none of the factual allegations in the complaint mention Warden William Hutchings. Because vicarious liability is inapplicable § 1983 suits, a plaintiff must plead facts sufficient to show that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A defendant may not be held liable merely because his subordinates, superiors, or co-workers violated the plaintiff's rights or merely because he happened to be the warden at the prison where a plaintiff was incarcerated at the time that others violated his rights. Accordingly, because the FAC does not allege any facts concerning what Warden William Hutchings allegedly did, the FAC necessarily does not state a claim against Defendant Warden Hutchings. The Court therefore dismisses all claims against Defendant Warden Hutchings without prejudice and with leave to amend. If Plaintiff chooses to bring a second amended complaint seeking to hold Warden Hutchings liable for constitutional violations, he must allege true facts that would be sufficient to show that Warden Hutchings himself violated a specified constitutional right.

Because Plaintiff has failed to state a colorable § 1983 claim against any named defendant, the Court must dismiss the entire the FAC. Although the Court is providing

---

[3] For the same reasons, he may not pursue § 1983 claims against the NDOC or the State of Nevada.

limited leave to amend the FAC, as discussed above and below, Plaintiff must comply with the pleading requirements discussed in this order and there are some claims the Court is dismissing with prejudice so Plaintiff may not amend those claims.

## C. Release from Prison

A person may not obtain release or a speedier release from custody through a § 1983 action and must instead pursue release through a habeas petition. *Nettles v. Grounds*, 830 F.3d 922, 927–28 (9th Cir. 2016). Therefore, Plaintiff may not obtain release from prison in this § 1983 action and may not obtain relief that would change the expiration date of his sentence. Accordingly, to the extent Plaintiff's complaint includes claims for release from prison or seeks injunctive relief that would require an earlier release date, any such claim is dismissed with prejudice. Plaintiff may not pursue any such claim in this action.

## D. *Heck* Bar

Throughout the FAC, Plaintiff alleges that conduct has affected his maximum sentence and that he has served excessive time in prison. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id*. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. As a result, the Supreme Court has held that a state prisoner's § 1983 action is barred

(absent prior invalidation)–no matter the relief sought (damages or injunctive relief) if success in that action necessarily would demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).[4]

Plaintiff has not shown that the fact or duration of his confinement already has been invalidated by a court. The only reference he makes to another case is a habeas petition that appears to concern the calculation of his parole eligibility date, not his maximum sentence or the fact or duration of his confinement. Although it seems very unlikely that Plaintiff can survive the *Heck* and *Wilkinson* bar for his claims concerning excessive confinement and his maximum sentence, it is not yet clear that it is impossible. Therefore, the Court will not at this time dismiss with prejudice claims challenging the fact or duration of Plaintiff's incarceration. However, if Plaintiff wishes to pursue any claims that explicitly or implicitly necessarily challenge the fact or duration of his confinement, then any second amended complaint <u>must</u> show that a court already has invalidated the fact or duration of confinement. Invalidation or recalculation of a parole <u>eligibility</u> date will <u>not</u> be sufficient to permit Plaintiff to raise any claim that necessarily calls into question the fact or duration of his confinement, regardless of whether such a claim relates to past, current, or pending sentences.

### E. Pleadings Requirements

It seems quite likely that, in addition to claims against the O.M.D. and claims seeking release, some of Plaintiff's claims cannot be amended to state colorable claims. However, largely because Plaintiff has not complied with Rule 8, it is difficult for the Court to understand what claims Plaintiff is attempting to bring and on what grounds. Therefore, the Court will not yet rule on the potential ability of Plaintiff to amend the complaint to

---

[4] However, if a civil claim merely would speed up the plaintiff's consideration for parole and would not necessarily imply the invalidity of the duration of confinement, then that claim may proceed in a § 1983 action. *Id.* at 82. Thus, to the extent Plaintiff is merely challenging the calculation of his parole eligibility date only and that any such claim would not necessarily directly or indirectly affect the fact or duration of his confinement, such a claim is not barred by *Heck* and *Wilkinson*. That does not mean, however, that Plaintiff has stated a colorable claim against any of the named defendants concerning his parole eligibility date. He has not.

state other claims.  It is also not possible for the Court to determine whether all the claims in the FAC are properly joined together in one action.[5]

Under Rule 8 of the Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(d)(1).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "[E]ach claim founded on a separate transaction or occurrence … must be stated in a separate count."  *Id.*

The FAC clearly does not comply with the requirements of Rule 8.  Instead, Plaintiff has just included one mass of unclear allegations that appear to be attempting to bring a number of claims based on a variety of constitutional amendments and theories and based on a variety of different incidents and circumstances.  Therefore, even if the FAC had alleged facts concerning defendants who were persons subject to suit in a § 1983 action, the Court still would dismiss the FAC for failure to comply with Rule 8.  If Plaintiff chooses to file a second amended complaint, that complaint <u>must</u> comply with Rule 8 and the other pleading requirements discussed in this order. The Court explicitly warns Plaintiff that, if he fails to comply with the pleading requirements in a second amended complaint, the Court may dismiss the second amended complaint without any further notice to Plaintiff.

**F.  Leave to Amend**

Although the Court is giving Plaintiff leave to amend the FAC, Plaintiff may not bring claims against the O.M.D. and may not bring claims seeking release.  He also may not bring claims that necessarily explicitly or implicitly challenge the fact or duration of

---

[5] The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2)(A); *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  The fact that alleged incidents all occurred while a plaintiff was incarcerated in one prison or one prison system or that all claims affect a prisoner's sentence is not sufficient to permit a plaintiff to consolidate all the claims into a single lawsuit.

confinement, including challenges to the maximum sentence or sentence expiration date, unless a court already has invalidated the fact or duration of confinement. The second amended complaint must comply with the pleading requirements discussed above. For each separate cause of action and each defendant, he must allege true facts sufficient to show that the Defendant violated specified civil rights. Plaintiff may not file a second amended complaint that includes unrelated claims involving different defendants. Furthermore, an amended complaint does not include new claims based on events that have taken place since the FAC was filed.

Plaintiff is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

If Plaintiff chooses to file a second amended complaint, he should use this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint." Plaintiff is strongly encouraged to read the instructions and complaint form carefully.

The Court notes that, if Plaintiff chooses to file a second amended complaint curing the deficiencies outlined in this order, Plaintiff must file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff does not timely file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a colorable claim.

## III.     MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a motion seeking a temporary restraining order that would prevent him from being transferred to another prison. (ECF No. 17).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24

(2008).  The court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 23 (internal quotation marks and citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm the court finds requires preliminary relief," and must be "the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  There "must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635–36 (9th Cir. 2015).

Here, Plaintiff has not even stated a colorable claim, much less shown a likelihood of success on any claim in the FAC. The Court therefore denies the motion for a temporary restraining order.

## IV.    CONCLUSION

It is therefore ordered that a decision on Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 4, 14) is deferred.

It is further ordered that the operative complaint is the First Amended Complaint (ECF No. 5), and the Clerk of the Court will send Plaintiff a courtesy copy of the First Amended Complaint.

It is further ordered that all claims against the O.M.D. are dismissed with prejudice, as amendment would be futile.

1  It is further ordered that all claims against Warden William Hutchings are dismissed
2  without prejudice and with leave to amend.
3  It is further ordered that any claim seeking release from prison or seeking a remedy
4  that necessarily would lead to an earlier release date is dismissed with prejudice, as
5  amendment would be futile.
6  It is further ordered that, if Plaintiff chooses to file a second amended complaint,
7  Plaintiff shall file the second amended complaint within 30 days from the date of entry of
8  this order.
9  It is further ordered that the Clerk of the Court shall send to Plaintiff the approved
10  form for filing a § 1983 complaint and instructions for the same.  If Plaintiff chooses to file
11  a second amended complaint, he should use the approved form, and he must write the
12  words "Second Amended" above the words "Civil Rights Complaint" in the caption.
13  It is further ordered that, if Plaintiff chooses to file a second amended complaint,
14  the Court will screen the amended complaint in a separate screening order. The
15  screening process may take many months.
16  It is further ordered that, if Plaintiff fails to file a timely second amended complaint,
17  this action shall be dismissed with prejudice for failure to state a claim.
18  It is further ordered that the motion for a temporary restraining order (ECF No. 17)
19  is denied.
20  DATED THIS 12th day of   July 2021.

_____
Kent J. Dawson
UNITED STATES DISTRICT JUDGE